U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2012 APR 10  PM 1:22

CLERK
BY ___PM___
DEPUTY CLERK

## UNITED STATES DISTRICT COURT
## DISTRICT OF VERMONT

HOWARD DAVIS, On Behalf of Himself and    )
All Others Similarly Situated             )
                                          )
      Plaintiff,                          )
                                          )
      v.                                  )    Case No. 5:11-cv-181
                                          )
CENTRAL VERMONT PUBLIC SERVICE            )
CORPORATION, WILLIAM R. SAYRE,            )
LAWRENCE J. REILLY, ROBERT L.             )
BARNETT, ROBERT G. CLARKE, JOHN M.        )
GOODRICH, ROBERT B. JOHNSTON,             )
ELISABETH B. ROBERT, JANICE L. SCITES,    )
WILLIAM J. STENGER, DOUGLAS J.            )
WACEK, GAZ MÉTRO LIMITED                  )
PARTNERSHIP, and DANAUS VERMONT           )
CORP.,                                    )
                                          )
      Defendants.                         )

### PRELIMINARY APPROVAL ORDER AND STAY

      This matter comes before the court on Plaintiff Howard Davis's revised request for preliminary approval (Doc. 57) of a settlement agreement entered into by the parties, dated November 28, 2011 (the "Settlement Agreement"). The Settlement Agreement is intended to resolve and release all claims in this lawsuit and certain related claims.

      In addition to preliminary approval, Plaintiff seeks a stay of all proceedings in this matter until the court rejects or accepts the Settlement Agreement as part of its final approval process known as a "Fairness Hearing."

      On December 21, 2011, the court held a hearing on the parties' joint request for preliminary approval of the Settlement Agreement. In that hearing, the court identified its concerns regarding the proposed notice to be provided to putative class members, the satisfaction of Fed. R. Civ. P. 23's requirements for class certification, and Plaintiff's

requested attorney's fees award of up to $975,000.00. Plaintiff's revised request for preliminary approval responds to those concerns.

In deciding whether to grant preliminary approval, the court must first determine on a preliminary basis whether the Settlement Agreement is sufficiently fair, reasonable, and adequate to justify its submission for final approval by proposed class members and the court. Second, the court must determine whether this lawsuit should be certified as a class action for settlement purposes only and, if so, who should act as the settlement class representative and counsel. Finally, the court must determine whether a stay is warranted.

I.      **Factual and Procedural Background.**

     **A. The Litigation.**

This lawsuit arises out of a process commencing in early February 2011 whereby the Board of Directors of Central Vermont Public Services ("CVPS") explored strategic alternatives, including the potential sale of all of CVPS's common stock. CVPS hired Lazard Frères & Co., LLC ("Lazard") to serve as both its financial advisor in the process and its authorized contact with third parties who were interested in a potential transaction with CVPS. After a bidding process, on May 27, 2011, the CVPS Board entered into a merger agreement with FortisUS Inc. ("Fortis"), Cedar Acquisition Sub Inc. ("Cedar"), and Fortis, Inc. pursuant to which Fortis, through its wholly own subsidiary Cedar, would acquire all of CVPS's common stock at a price of $35.10 per share subject to certain terms and conditions (the "Fortis Merger Agreement").

On June 23, 2011, Gaz Métro Limited Partnership ("Gaz Métro") which had previously participated in the bidding process, made an unsolicited irrevocable offer to acquire all of the common stock of CVPS at a price of $35.25 per share. Gaz Métro submitted a draft merger agreement with its offer.

On July 11, 2011, the CVPS Board determined that Gaz Métro's offer constituted a "superior proposal" as defined in the Fortis Merger Agreement and notified Fortis of that determination. Fortis declined to match or exceed the Gaz Métro offer. That same day, CVPS entered into a merger agreement with Gaz Métro and Danaus Vermont Corp.

("Danaus") whereby Danaus, an indirect wholly owned subsidiary of Gaz Métro, will acquire all of CVPS's common stock at a price of $35.25 per share in cash (the "Gaz Métro Merger Agreement"), subject to a vote in favor of the Gaz Métro Merger Agreement by a majority of CVPS shareholders entitled to vote thereon and subject to governmental approvals (the "Transaction").

On July 12, 2011, Plaintiff filed this lawsuit against the named Defendants, which include the members of CVPS's Board, alleging claims of breaches of fiduciary duties in connection with CVPS's sale process, the Fortis Agreement, the Gaz Métro Merger Agreement, and the Transaction. Plaintiff asked that this lawsuit be certified as a class action suit on behalf of certain CVPS shareholders,[1] that Plaintiff be named class representative, and that Plaintiff's attorneys be named class counsel.

On August 1, 2011, CVPS filed a preliminary proxy on Schedule 14A (the "Preliminary Proxy") with the Securities and Exchange Commission (the "SEC") wherein, among other things, CVPS provided information regarding the process by which the Gaz Métro Merger Agreement was reached, and regarding the Transaction contemplated therein. On August 2, 2011, Plaintiff amended his complaint to add allegations related to the Supplemental Proxy.

Thereafter, the parties attempted to settle the pending lawsuit through expedited discovery which permitted Plaintiff and his counsel to examine certain confidential information subject to a Protective Order agreed to by the parties and issued by this court.

On August 29, 2011, CVPS filed with the SEC a finalized Schedule 14A that was also provided to CVPS shareholders in connection with a vote on the Transaction scheduled to take place on September 29, 2011 (the "August 29th Proxy"). The August 29th Proxy contained some of the information Plaintiff had sought in his Amended Complaint. Nonetheless, on September 1, 2011, Plaintiff filed a motion seeking an injunction from the court which, if granted, would have enjoined the September 29, 2011 shareholder vote unless and until CVPS made certain disclosures to its shareholders. The

---

[1] The proposed class is described on pages six and eleven of this Preliminary Approval Order.

court scheduled the motion for a hearing on September 21, 2011. Thereafter, the parties again engaged in negotiations in an effort to settle the lawsuit.

On September 19, 2011, the parties notified the court that they had entered into a Memorandum of Understanding ("MOU") which would resolve the lawsuit (and thereby render the injunction hearing unnecessary), provide for certain additional discovery, release all of Plaintiff's and the putative class members' claims, and require CVPS to make certain additional disclosures to its shareholders (the "Supplemental Disclosures").

On or about September 19, 2011, CVPS mailed the Supplemental Disclosures to its shareholders and filed them with the SEC. On September 29, 2011, the scheduled shareholder meeting to vote on the Transaction took place at which 97.56% of the votes cast were in favor of the Transaction.

**B. The Settlement Agreement.**

A complete copy of the parties' Settlement Agreement has been filed as Doc. 57 in this lawsuit and is available electronically through the court's public access system known as Pacer at www.pacer.gov. It is also summarized in the attached Notice to Class Members.

The Settlement Agreement requires CVPS to make the Supplemental Disclosures and to provide certain discovery. It does not require CVPS or any other defendant to pay a monetary damages award to Plaintiff or to the class members. To date, the parties have not reached any agreement on a fee award for Plaintiff's attorneys who will seek a fee award of up to $975,000.00. The Defendants in this lawsuit have the right to oppose the fee request as do the class members. If the court approves a fee award, it will be paid by CVPS and/or its successor(s)-in-interest and/or their respective insurer(s).

As part of the Settlement Agreement, Plaintiff has agreed to waive any claims he or any class member may have against any of the Defendants arising out of the Transaction, including the claims brought by the plaintiffs in a separate lawsuit pending before this court entitled *IBEW Local 98 Pension Fund v. Central Vermont Public Service Corp.*, Docket No. 5:11-cv-00222 ("*IBEW v. CVPS*"). Copies of all documents filed in *IBEW v. CVPS* may be obtained from the court's Pacer system at www.pacer.gov.

4

## II.     Preliminary Approval.

In determining whether to grant preliminary approval, the court is guided by the proposition that "there is an overriding public interest in settling and quieting litigation, and this is particularly true in class actions." *In re Prudential Sec. Inc. Ltd. P'ships Litig.*, 163 F.R.D. 200, 209 (S.D.N.Y. 1995) (citations omitted).  "Preliminary approval of a class action settlement, in contrast to final approval, 'is at most a determination that there is what might be termed 'probable cause' to submit the proposal to class members and hold a full-scale hearing as to its fairness.'"  *Menkes v. Stolt-Nielsen S.A.*, 270 F.R.D. 80, 101 (D. Conn. 2010) (quoting *In re Traffic Exec. Ass'n-E. R.R.s*, 627 F.2d 631, 634 (2d Cir. 1980)).

Preliminary approval "is appropriate where it is the result of serious, informed, and non-collusive negotiations, where there are no grounds to doubt its fairness and no other obvious deficiencies . . . , and where the settlement appears to fall within the range of possible approval."  *Reade-Alvarez v. Eltman, Eltman & Cooper, P.C.*, 237 F.R.D. 26, 33 (E.D.N.Y. 2006) (citations omitted).  As one court observed:

> If the preliminary evaluation of the proposed settlement does not disclose grounds to doubt its fairness or other obvious deficiencies, such as unduly preferential treatment of class representatives or of segments of the class, or excessive compensation for attorneys, and appears to fall within the range of possible approval, the court should direct that notice under Rule 23(e) be given to the class members of a formal fairness hearing, at which arguments and evidence may be presented in support of and in opposition to the settlement.

*Prudential Sec. Litig.,* 163 F.R.D. at 209 (quoting *Manual for Complex Litig.* ("*MCL*") § 30.41 (3d ed. 1995)).  After granting preliminary approval, the court remains free to reject a settlement in the event it determines that the settlement is not "fair, reasonable, and adequate."  Fed. R. Civ. P. 23(e).

Here, the parties represent that they have engaged in arm's length negotiations between experienced counsel after a comprehensive examination of the facts and with an informed and reasonable assessment of the risks and benefits of further litigation.  The

Settlement Agreement therefore "appears to be the product of serious, informed, non-collusive negotiations." *MCL* § 30.41 (3d ed. 1995).

Although the court has questioned the amount of the requested attorney's fees in this matter, the Settlement Agreement does not require class members to pay those fees directly and leaves the amount of any such fees to the court's discretion. Other aspects of the Settlement Agreement do not appear to constitute grounds for a finding of unfairness. The court thus concludes that preliminary approval is appropriate for the Settlement Agreement.

## III.   Certification of Settlement Class.

In seeking preliminary approval, Plaintiff asks the court to certify a settlement class pursuant to Fed. R. Civ. P. 23 consisting of the following class action members:

> All record holders and beneficial owners of any share(s) of Central Vermont Public Service Corporation ("CVPS") common stock ("Common Stock"), who held any such share(s) at any time during the period beginning on and including January 1, 2011, through and including the date of the Preliminary Approval Order, including any and all of their respective successors-in-interest, successors, predecessors-in-interest, predecessors, representatives, trustees, executors, administrators, estates, heirs, assigns and transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them, together with their predecessors-in-interest, predecessors, successors-in-interest, successors, and assigns, but excluding the Defendants.

"Although Fed. R. Civ. P. 23 does not explicitly provide for certifying settlement-only classes, the district court derives its authority to do so from Fed. R. Civ. P. 23(d), which authorizes the court to 'issue orders that [ ] determine the course of proceedings.'" *Chin v. RCN Corp.*, 2010 WL 1257586, at *2 (S.D.N.Y. Mar. 12, 2010) (citation omitted). The Second Circuit has recognized that "[t]emporary settlement classes have proved to be quite useful in resolving major class action disputes." *Weinberger v. Kendrick*, 698 F.2d 61, 72 (2d Cir. 1982). "Before certification is proper for any purpose—settlement, litigation, or otherwise—a court must ensure that the requirements

of Rule 23(a) and (b) have been met." *Denney v. Deutsche Bank AG*, 443 F.3d 253, 270 (2d Cir. 2006).

The party seeking certification "bears the burden of establishing the existence of all four Rule 23(a) requirements, often referred to as the criteria of 'numerosity, commonality, typicality, and adequacy.'" *Bourlas v. Davis Law Assocs.*, 237 F.R.D. 345, 350 (E.D.N.Y. 2006) (citations omitted); *see also* Fed. R. Civ. P. 23(a).[2]

### 1. Numerosity.

In determining whether a class is so numerous that joinder of all class members is impracticable, joinder is "generally presumed to be impracticable when a putative class exceeds 40 members." *Menkes*, 270 F.R.D. at 90 (citing *Marisol A. v. Giuliani*, 126 F.3d 372, 376 (2d Cir. 1997)). Here, the proposed settlement class consists of all record and beneficial owners of CVPS common stock since January 1, 2011 through the date of this Order. The Amended Complaint alleges that, as of February 28, 2011, over 13 million shares were outstanding. Joinder of each of these shareholders will be difficult, inconvenient, and expensive, and will unduly complicate and delay the resolution of this lawsuit. Joinder is thus impracticable and the numerosity requirement has been satisfied.

### 2. Commonality.

Commonality requires the existence of questions of law or fact common to the class. It is "not a demanding standard, as it 'is established so long as the plaintiffs can

---

[2] Fed. R. Civ. P. 23(a) provides:

One or more members of a class may sue or be sued as representative parties on behalf of all members only if:

(1) the class is so numerous that joinder of all members is impracticable [numerosity];
(2) there are questions of law or fact common to the class [commonality];
(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class [typicality]; and
(4) the representative parties will fairly and adequately protect the interests of the class [adequacy].

identify some unifying thread among the [class] members' claims.'" *Id.* (quoting *Haddock v. Nationwide Fin. Servs., Inc.*, 262 F.R.D. 97, 116 (D. Conn. 2009)). In other words, class members' "claims must depend upon a common contention . . . of such a nature that it is capable of class-wide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011).

Rule 23(b)(3) also requires that common questions of law and fact predominate over individual questions. This "predominance" requirement is met "when there exists generalized evidence which proves or disproves an element on a simultaneous, class-wide basis, since such proof obviates the need to examine each class member's individual position." *In re Cardizem CD Antitrust Litig.*, 200 F.R.D. 297, 307 (E.D. Mich. 2001).

This case challenges the adequacy of CVPS's disclosures to shareholders, whether the members of CVPS's Board of Directors breached their fiduciary duty to shareholders, and whether the Transaction is fair for all CVPS shareholders. These claims raise issues of fact and law common to all proposed class members. Correspondingly, whether the Settlement Agreement is fair, reasonable, and adequate it also an issue common to all members of the proposed class. Accordingly, the court finds that the requirements of commonality and predominance have been satisfied.

### 3. Typicality.

Rule 23(a)(3) requires Plaintiff's claims to be "typical" of the class. This requirement is satisfied when "each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability." *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 574 F.3d 29, 35 (2d Cir. 2009) (citation and quotation marks omitted). Plaintiff's claims in this case meet the typicality requirement because they arise out of the same course of events experienced by all shareholders of CVPS common stock during the relevant time period. In other words, a class member who sought to assert the same or similar claims to those alleged by Plaintiff would need to make the same or similar legal arguments to establish Defendants'

liability. For purposes of preliminary approval, the requirement of typicality has thus been satisfied.

### 4. Adequacy.

To ensure adequacy, a court determines whether "(1) the class representative's interests are not antagonistic to other class members and the class representative's character assures a vigorous prosecution; and (2) the class representative's counsel possesses the competence to undertake the litigation." *In re Playmobil Antitrust Litig.*, 35 F. Supp. 2d 231, 241 (E.D.N.Y. 1998) (citations omitted). This inquiry focuses on "uncovering 'conflicts of interest between named parties and the class they seek to represent.'" *Flag*, 574 F.3d at 35 (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997)). "Only a conflict that goes to the very subject matter of the litigation will defeat a party's claim of representative status." *Dziennik v. Sealift, Inc.*, 2007 WL 1580080, at *6 (E.D.N.Y. May 29, 2007) (internal quotation marks and citation omitted). To warrant denial of class certification, "it must be shown that any asserted 'conflict' is so palpable as to outweigh the substantial interest of every class member in proceeding with the litigation." *In re NASDAQ Market-Makers Antitrust Litig.*, 169 F.R.D. 493, 514-15 (S.D.N.Y. 1996). At this juncture, a conflict of this magnitude has not been identified. Instead, it appears that Plaintiff, as the proposed class representative, shares the same interests as the members of the proposed class and has demonstrated a willingness to vigorously pursue this litigation.

As to whether Plaintiff's proposed counsel possesses the competence to undertake the litigation, Plaintiff's proposed counsel, Juan E. Monteverde, Esq. and Brian Moon Esq. of Faruqi & Faruqi, LLP, New York, New York, represent that they engage in a nationwide practice of class action litigation in which they have achieved successful results as more fully described in the Memorandum of Law they filed in support of preliminary approval. *See* Doc. 57 at 27-30. Plaintiff's attorneys thus appear "qualified, experienced and generally able to conduct the proposed litigation." *In re Joint E. & S. Dist. Asbestos Litig.*, 78 F.3d 764, 778 (2d Cir. 1996) (citation omitted). The court, however, has questioned the amount of attorney's fees they have requested in this action

and the relationship between that amount and the fees incurred to date as well as to the results Plaintiff's counsel have achieved. These issues will be further explored at the court's Fairness Hearing.

### 5. Rule 23(b).

In addition to satisfying the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a), Plaintiff must establish that a class action is appropriate under Rule 23(b). Rule 23(b)(1) permits class certification if Rule 23(a) is satisfied and if the prosecution of separate actions by or against individual members of the class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for the Defendants or if individual adjudications would, as a practical matter, govern the interests of members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests. Rule 23(b) (2) permits class certification "if . . . the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).

Here, Plaintiff seeks relief through the Settlement Agreement that he alleges benefits all class members equally. He further argues that through the Settlement Agreement he has caused Defendants to act in a manner that applies to the class as a whole, and that individual adjudications of class members' claims would not only make it difficult for the Defendants to determine how to conduct themselves, but would make it difficult for class members to protect their own interests.

Because Plaintiff has preliminarily satisfied the requirements of Rule 23(a) and (b)(1) &(2), the court certifies the class for settlement purposes only. Certification of the settlement class will be considered further at the court's Fairness Hearing.

## IV.   Appointment of Settlement Class Counsel.

The "role of settlement counsel is to assist the [c]ourt in the process leading to the approval of the settlement." *In re Holocaust Victim Assets Litig.*, 2010 WL 3851697, at *1 (E.D.N.Y. Sept. 24, 2010) (citation omitted). Courts will approve class counsel for

purposes of settlement if they "will fairly and adequately protect the interests of the Settlement Class[ ]." *In re Currency Conversion Fee Antitrust Litig.*, 2006 WL 3253037, at *1 (S.D.N.Y. Nov. 8, 2006).

At the preliminary approval stage, Plaintiff has established that his proposed class counsel will fairly and adequately protect the interests of the settlement class at least insofar as those interests are set forth in the Settlement Agreement. Plaintiff's counsel has explained the work performed to date, their experience in handling class action suits, their knowledge of the applicable law, and the resources they have and will commit to representing the class. As the *IBEW v. CVPS* litigation involves different proposed class counsel, at the Fairness Hearing, the court may consider which counsel is best able to represent the interests of the class pursuant to Fed. R. Civ. P. 23(g)(2).

## V.    The Form and Manner of Notice to the Class.

The court has reviewed the proposed notice to class action members and the method of its delivery and concludes that it provides appropriate notice under the circumstances to all class members who would be bound by the Settlement Agreement. The notice is written in plain language and clearly and conspicuously notifies class members of the nature of the litigation, the definition of the class certified, the class claims and issues, the contents of the Settlement Agreement, and class members' right to object, appear before the court, and be represented by counsel. The Notice advises class members how they may obtain additional information, what they must do to exercise their rights, and what will happen if they do nothing. It also advises them of further court proceedings with regarding to the Settlement Agreement, including the date, time, and location of the court's Fairness Hearing, and how they may participate in those proceedings. The proposed class notice thus satisfies Fed. R. Civ. P. 23 and due process.

## ORDER OF APPROVAL

For the foregoing reasons, the court hereby ORDERS the following:

1.    The court approves, for purposes of settlement only, certification of this lawsuit as a class action under Rules 23(a), 23(b)(1), and 23(b)(2) of the Federal Rules of Civil Procedure on behalf of the following class (the "Class"):

All record holders and beneficial owners of any share(s) of Central Vermont Public Service Corporation ("CVPS") common stock ("Common Stock"), who held any such share(s) at any time during the period beginning on and including January 1, 2011, through and including the date of the Preliminary Approval Order, including any and all of their respective successors-in-interest, successors, predecessors-in-interest, predecessors, representatives, trustees, executors, administrators, estates, heirs, assigns and transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them, together with their predecessors-in-interest, predecessors, successors-in-interest, successors, and assigns, but excluding the Defendants.

2.     The court finds that, for the sole purpose of preliminary approval and without an adjudication on the merits, all requirements pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(1), and 23(b)(2) are met for certification of the Class.

3.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of settlement only, Plaintiff Howard Davis is certified as the Class Representative.

4.     **The court's Fairness Hearing will be held on Wednesday, July 11, 2012, at 10:00 a.m., in the United States District Court for the District of Vermont courthouse, 151 West Street, Rutland, Vermont 05701**, to: (a) determine whether the court should approve the Settlement Agreement as fair, reasonable and adequate and in the best interests of the Class; (b) determine whether the proposed Final Order and Judgment should be entered (i) dismissing this lawsuit and the Released Claims as to the Released Parties with prejudice as against Plaintiff and the Class; and (ii) releasing the Released Claims, and permanently barring and enjoining all Class Members from commencing, instituting or prosecuting any action or other proceeding in any forum, or asserting any Released Claims against any of the Released Parties (as defined in the Settlement Agreement); (c) finally determine that the Notice was mailed in accordance with this Order and that notice was given in full compliance with each of the requirements of Federal Rule of Civil Procedure 23 and due process; and (d) consider other matters, including a request by Plaintiff's counsel for attorney's fees and reimbursement of expenses, such attorneys' fees and expenses (if and only if awarded by

this court) to be paid solely by CVPS and/or its successor(s)-in-interest and/or their respective insurer(s).

5.     The court reserves the right to adjourn and reconvene the Fairness Hearing, including with respect to the consideration of the application for attorney's fees and reimbursement of expenses, without further notice to class members other than by oral announcement at the Fairness Hearing and a notice of the continuation of the hearing in the court's docket.

6.     The court approves, in form and substance, the Notice of Pendency of Class Action, Proposed Settlement of Class Action and Fairness Hearing (the "Notice") substantially in the form attached hereto as Exhibit 1.[3] The court finds the mailing of the Notice in the manner set forth in this Order meets the requirements of Rule 23 of the Federal Rules of Civil Procedure and of due process.

7.     Within twenty-one (21) days of entry of this Order, CVPS shall cause the Notice and this Preliminary Approval Order and Stay to be mailed by United States mail, first class, postage pre-paid, to each person who is shown on the records of CVPS, its successors-in-interest or their respective transfer agents, to be a record holder of any share(s) of Common Stock or who held any such share(s) at any time during the period beginning on and including January 1, 2011, through and including the date of entry of this Preliminary Approval Order, at his, her or its last known address appearing in the stock transfer records maintained by or on behalf of CVPS. All record holders in the Class who were not also the beneficial owners of any Common Stock held by them of record shall be requested in the Notice to forward the Notice to such beneficial owners of such Common Stock. CVPS shall use reasonable efforts to give notice to such beneficial owners by causing additional copies of the Notice and the Preliminary Approval Order (a) to be made available to any record holder who, prior to the Fairness Hearing, requests

---

[3] The Notice must be completed to include dates and the amount of the requested attorney fees award and must substitute the term "Fairness Hearing" for "Settlement Hearing." In addition, a copy of this Order of Preliminary Approval and Stay must accompany the Notice.

the same for distribution to beneficial owners, or (b) to be mailed to beneficial owners whose names and addresses CVPS receives from record owners.

8.      At least thirty (30) calendar days before the date of the Fairness Hearing, Plaintiff's Counsel shall file with the court its application for attorney's fees which shall be available for inspection by all class members.

9.      At least fourteen (14) calendar days before the date of the Fairness Hearing, counsel for CVPS shall file with the court proof of mailing of the Notice and the Order of Preliminary Approval and Stay.

10.     If the court grants final approval of the Settlement Agreement and enters the Final Order and Judgment, all Class Members shall be deemed to be Settlement Class Members and shall be bound by the Final Order and Judgment.

11.     Any member of the Class may object to the Settlement Agreement, class action certification, appointment of class representative, appointment of class counsel, and the application for attorney's fees and expenses.  At the Fairness Hearing, any member of the Class who desires to do so may appear personally or by counsel, and show cause, why the Settlement Agreement should not be approved as fair, reasonable and adequate and in the best interests of the Class; why the class should not be certified, why the Final Order and Judgment should not be entered in accordance with and as set forth in the Settlement Agreement; or why the court should not grant an award of reasonable attorney's fees and expenses to Plaintiff and/or Plaintiff's Counsel for their services and actual expenses incurred in this lawsuit.

In the event a class member wishes to appear at the Fairness Hearing, fourteen (14) days in advance of the hearing, he or she must file with the Clerk of the United States District Court for the District of Vermont, P.O. Box 607, Rutland, Vermont 05702-0607, and serve upon the attorneys listed below: (a) a written notice of intention to appear; (b) proof of membership in the Class; and (c) a statement of objections to any matter before the court.  These writings must be served upon the following attorneys:

A. Jeffry Taylor
Abatiell Associates,
P.C.
One Justice Square
Rutland, VT 05701

R. Bradford Fawley
Downs Rachlin Martin PLLC
Marlboro Technology Center
Fifth Floor
28 Vernon Street
Brattleboro, VT 05301

R. Jeffrey Behm
Sheehey Furlong & Behm P.C.
30 Main Street
P.O. Box 66
Burlington, VT 05402-0066

12.    Any person who fails to object in the manner described in Paragraph 11 shall be deemed to have waived the right to object and shall be forever barred from raising such objection in this action.  Class Members who do not object to the Settlement Agreement, any aspect of class certification, or Plaintiff's attorney's fees request need not appear at the Fairness Hearing or take any other action to indicate their approval.

13.    This lawsuit and all proceedings herein are hereby stayed and suspended in the interests of justice until further order of this court so as to avoid expenditure of unnecessary judicial and party resources, and so as to preserve the status quo until the court's Fairness Hearing.

SO ORDERED.

Dated at Rutland, in the District of Vermont, this 10th day of April, 2012.

Christina Reiss, Chief Judge
United States District Court